IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SINOSTAR GLOBAL LTD., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No. 4:20-CV-0096 |
| RAKUTEN KOBO, INC. | § | |
| Defendant. | § | |

**PLAINTIFF'S VERIFIED RESPONSE TO THE COURT'S NOTICE OF IMPENDING DISMISSAL AND MOTION FOR ADDITIONAL TIME TO COMPLETE SERVICE UNDER RULE 4(h)**

As shown in Sinostar Global Ltd.'s complaint, Rakuten Kobo, Inc. ("Kobo"), the defendant in this case, "is a limited partnership organized and existing under the laws of Canada, with a principal place of business at 35 Liberty Street, Suite 101, Toronto, Ontario, Canada M6K 1A7."[1] Put another way, Kobo is subject to service in a foreign country, and that places this case outside of Rule 4(m)'s 90-day requirement. *See* Fed. R. Civ. P. 4(m) ("[S]ubdivision (m) does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2) . . . ."); *see also Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012) (construing Rule 4(m)). Sinostar therefore asks that the court instead apply the "flexible due diligence standard," *Lozano*, 693 F.3d at 488–89 (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)), and grant Sinostar additional time to complete service on Kobo in Canada in accordance with the procedure authorized by the Hague Convention.

Since filing this action, and as shown in the attached declaration,[2] Sinostar has worked to serve Kobo with process under Federal Rule of Civil Procedure 4(h), which governs service of process on corporations like Kobo, i.e., those "not within any judicial district of the United States[.]" Fed. R. Civ. P. 4(h)(2). Those methods of

[1] Dkt. 1, ¶ 5.
[2] Exhibit A.

service are provided in Rule 4(f). *See id*. (permitting service "in any manner prescribed by Rule 4(f)").

Plaintiff's Complaint was filed on February 7, 2020.[3] The Summons was then issued as to Kobo on February 12, 2020.[4] Two days later, Sinostar retained Crowe Foreign Services ("CFS") to effectuate service on Kobo. As explained in the attached declaration, CFS forwarded Sinostar's complaint and summons to Canada's Central Authority, as required by the Hague convention, within a few weeks of the complaint's filing.[5] Since that date, the complaint and summons have been with the Central Authority and Sinostar has no ability to obtain updates as to the status of such service.[6] Although service in Canada under the Hague typically takes three to four months to complete, and sometimes exceeding 5 months[7], the Central Authority's ability to effect service has been greatly hampered, and apparently delayed, under recently imposed restrictions stemming from the current COVID-19 pandemic.[8] *Cf. Nylock*, 396 F.3d at 807 (reversing Rule 4(m) dismissal of an action against a foreign defendant where the record showed that the plaintiff retained an agent to serve process who then forwarded the required materials to the foreign authorities within a short time of filing).

Like the plaintiff in *Nylock*, Sinostar's actions meet the "flexible due diligence standard," and the failure to obtain service is not due to the fault of Sinostar. Sinostar attempted service within a short time of filing. Sinostar retained an agent to serve process and, through that agent, transmitted the required materials to Canada's Central Authority on March 4, 2020. Sinostar's inability to file the affidavit of service

[3] Dkt. 1.
[4] Dkt. 3.
[5] Exhibit A, ¶ 7.
[6] Exhibit A, ¶¶ 7–8, 10.
[7] Exhibit A, ¶ 9.
[8] Exhibit A, ¶ 11.

is therefore a reflection of not only standard delays inherent in Hague-style service in Canada but also of the delays inherent in pandemic-related restrictions.[9]

Given this backdrop, Sinostar requests that the Court not dismiss the case but instead grant additional time to complete service. The typical four-month Hague service timeframe expired recently, on July 4. The delays attributable to COVID-19, however, will require additional time to effectuate service. Sinostar therefore respectfully requests that the Court grant Sinostar until November 4, 2020, to either file an affidavit of service, if service has been completed, or to provide the Court with a status report. Sinostar seeks this relief not for purposes of delay, far from it, but so that justice might be done.

Dated: July 7, 2020

Respectfully submitted,

*/s/ Joshua J. Bennett*

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Bradley D. Liddle
Texas Bar No. 24074599
bliddle@carterarnett.com
Scott W. Breedlove
Texas Bar No. 00790361
sbreedlove@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Minghui Yang
Texas Bar No. 24091486
myang@carterarnett.com
**CARTER ARNETT, PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

**ATTORNEYS FOR SINOSTAR GLOBAL**

[9] Exhibit A, ¶¶ 9–11.